# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JORGE ANDRES LOPEZ GARZA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. C-15-216** |
| | § | |
| **GEMINI TRANSPORT, L.L.C.** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES PLAINTIFF, JORGE ANDRES LOPEZ GARZA**, complaining of and about, **GEMINI TRANSPORT, L.L.C.**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

## 1.
## PARTIES AND SERVICE

   1.1    Plaintiff, Jorge Andres Lopez Garza, an individual whose address is: 7672 Southmost Road, Brownsville, TX 78526, and brings this action individually.

   1.2    Defendant, Gemini Transport LLC. is a Michigan corporation, who was doing business in the State of Texas at all times material to this cause.  Defendant may be served with process in compliance with the Federal Rules of Civil Procedure 4(h) by serving a copy of the summons and complaint by certified mail, return receipt requested to:

       a.    Goram M. Petkovich, Registered Agent for Gemini Transport, LLC. at 2154 Milverton Drive, Troy, Michigan 48083 USA.

## 2.
## JURISDICTION AND VENUE

2.1     This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3.
## FACTUAL BACKGROUND
### The Collision

3.1     This lawsuit concerns a severe motor vehicle collision which occurred on July 27, 2014.  The collision occurred between a 2002 Ford F150 driven by the Plaintiff, Jorge Andres Lopez Garza and a 2009 Freightliner 18-wheeler – a commercial vehicle – which was driven by, Senad Traljesic, under the authority and control of Defendant, Gemini Transport, L.L.C.  At the time of the collision, Plaintiff was towing multiple vehicles.

3.2     The vehicular collision occurred on a Sunday evening on U.S. Highway 77, outside the city limits of Kleberg County, Texas.  With respect to the area where the collision occurred, U.S. Highway 77 consists of a two northbound lanes and two southbound lanes divided by a median.

3.3     Prior to the collision, Plaintiff, Jorge Andres Lopez Garza was traveling southbound on U.S. Highway 77, in the right lane.  At the same time, Senad Traljesic was traveling in the same direction directly behind Plaintiff.  The incident ensued when Mr. Traljesic, traveling at a high rate

of speed, was unable to control his speed and collided into the second vehicle being towed by Mr. Lopez.  Due to the force of impact, the vehicle was propelled forward forcefully striking the first vehicle being towed and causing a domino effect. Both towed vehicles veered to the right and Mr. Lopez's vehicle veered to the left upon impact.  Immediately after the collision, Senad Traljesic fled the scene of the accident.

     3.5   The following is a sketch excerpted from the official police report which was made by the state trooper who investigated the collision, Trooper Pablo Padilla, Id No. 12343, of the State of Texas Department of Public Safety.



3.6     Trooper Padilla found that Senad Traljesic was responsible for causing this collision due to the fact that Senad Traljesic failed to control his speed.

<u>The Injuries</u>

3.7     Jorge Andres Lopez Garza suffered physical and emotional injuries as a result of this collision.  Mr. Lopez was diagnosed with cervical, thoracic, right shoulder, right hand sprains/strains, rotator cuff tear with injury at the musculotendinous junction of the supraspinatus muscle, linear intrasubstance tear of the infraspinatus tendon, intrasubstance tear of the inferior labrum to the right shoulder, bone contusion to the right hand, and multiple disc bulges to his neck.  Mr. Lopez has undergone extensive physical therapy, daily medication and multiple injections to control the pain caused by the injuries sustained in this vehicular collision.  As a result of unceasing pain, Mr. Lopez underwent a rotator cuff tear reconstruction to allay the pain to his right shoulder.  Due to the temporary results obtained through pain management and the findings from the discogram, he underwent a cervical decompression allay the pain to his neck.  In all probability Mr. Lopez will continue to incur medical expenses in the future to alleviate his pain.  Mr. Lopez was healthy prior to this collision.

<u>The Employment Relationship Between the Defendant and</u>
<u>The Resulting Vicarious Liability</u>

3.8     At the time of the collision which is the subject of this cause of action, and at all other relevant times, Senad Traljesic was an employee of Gemini Transport, L.L.C., who was acting within the course and scope of his employment.  In this regard, Senad Traljesic was an employee insofar as the master-servant relationship under common law is concerned.

3.9     Alternatively, and at all relevant times herein, Senad Traljesic was a "statutory employee" under the statutory employee doctrine.  In this regard, an interstate motor carrier (such as Gemini Transport, L.L.C.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997).  As a result, Defendant, Gemini Transport, L.L.C., had exclusive control of the tractor-trailer which Senad Traljesic was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000).  As a result, Gemini Transport, L.L.C., is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Senad Traljesic.

3.10    Alternatively, Gemini Transport, L.L.C., is vicariously liable with respect to all negligence of Senad Traljesic under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## 4.
## CAUSES OF ACTION AGAINST DEFENDANT

### Negligence of Defendant's driver & Respondeat Superior

4.1     Senad Traljesic had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

4.2     The negligent, careless and reckless disregard of duty of Senad Traljesic consisted of, but is not limited to, the following acts and omissions:

  4.2.1     In that Senad Traljesic failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

4.2.2    In that Senad Traljesic failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

4.2.3    In that Senad Traljesic failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Senad Traljesic's tractor trailer which would permit Senad Traljesic to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

4.2.4    In that Senad Traljesic was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4.2.5    In that Senad Traljesic failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiffs' motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.6    In that Senad Traljesic failed to apply his brakes to his tractor trailer in a timely and prudent manner;

4.2.7    In placing Plaintiff in a position of peril due to Senad Traljesic's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

4.2.8    In failing to exercise reasonable care to protect the safety of others who are using the roadways;

4.2.9    In failing to take evasive action to avoid colliding with Plaintiff's vehicle; and/or

4.2.10 In failing to use the tractor trailer's horn, lights, and/or other equipment to warn Plaintiff of the impending collision.

4.3  Plaintiff's injuries were proximately caused by Senad Traljesic's negligent, careless and reckless disregard of said duty.

4.4     Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, Gemini Transport, L.L.C. for the negligent acts of its employee, Senad Traljesic.

### Negligence of Gemini Transport LLC

4.5     On July 27, 2014, Defendant, Gemini Transport, L.L.C., was the owner of the motor vehicle operated by Senad Traljesic. Defendant, Gemini Transport, L.L.C., <u>negligently entrusted</u> the vehicle to Senad Traljesic, a reckless and incompetent driver.  Defendant knew, or through the exercise of reasonable care should have known, that Senad Traljesic was a reckless and incompetent driver.

4.6     Furthermore, and alternatively, Gemini Transport, L.L.C., owed Plaintiff a duty to hire, supervise, train and retain competent employees.  Defendant breached that duty by negligently <u>training</u>, <u>supervising</u>, <u>hiring</u> and <u>retaining</u>, Senad Traljesic, consisting of, but not limited to, the following:

        4.6.1   In failing to exercise ordinary care in implementing adequate training procedures for drivers;

        4.6.2   In failing to exercise ordinary care in implementing adequate continued education for all drivers;

        4.6.3   In failing to exercise ordinary care in implementing adequate supervision procedures;

        4.6.4   In failing to adequately screen Senad Traljesic's driving record prior to hiring him; and/or

        4.6.5   In failing to exercise ordinary care in determining whether Senad Traljesic was competent enough to be hired.

4.7     Each of the aforementioned negligent acts or omissions of the Defendant, Gemini Transport, L.L.C. constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

**Violation of Federal Motor Carrier Safety Regulations**

4.8     In addition to the duties which the Defendant and its employee owed the motoring public under common laws of this state, the Defendant and its employee owed duties under the Federal Motor Carrier Safety Regulations ("FMCSR").  According to the FMCSR, Gemini Transport Inc.,  was a motor carrier and/or operator of the commercial motor vehicle which its employee was driving at the time of this incident. As such, Defendant's employee is deemed to have violated the Code of Federal Regulations in the following ways:

> 4.8.1   In failing to operate the commercial vehicle in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances, to such an extent as his conduct would result in disregard for the safety of Plaintiff (49 CFR § 392.2);

> 4.8.2   In failing to have the required  knowledge in the proper use of the truck's safety system, including lights, horns, side and rear view mirrors, proper mirror adjustments, and vehicle operation characteristics. (49 CFR § 383.111);

> 4.8.3   In failing to do a proper visual search of his surrounding by the use of mirrors, ahead and to the sides in order to avoid contact with Plaintiff (49 CFR § 383.111 (c)(5)); and/or

> 4.8.3   In failing to communicate with surrounding traffic by using lights to signal his change in direction or change in speed and using his horn to signal his presence (49 CFR § 383.111(c)(6)).

4.9     Each of the aforementioned negligent acts or omissions of Defendant's employee constituted a proximate cause of the collision, resulting in damages and injuries to the Plaintiff.

4.10    With respect to the actual damages caused by Defendant's employee, it is noted that Gemini Transport LLC, is vicariously liable, jointly and/or severally, with respect to all such damages. This is the result of the application of *respondeat* superior, as described more particularly herein.

## 5.
### DAMAGES

5.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jorge Andres Lopez Garza was caused to suffer bodily injuries, and to incur the following damages:

  5.1.1    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Jorge Andres Lopez Garza for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

  5.1.2    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  5.1.3    Physical pain and suffering in the past and in the future;

  5.1.4    Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

  5.1.5    Loss of earning capacity in the past and which will, in all probability, be incurred in the future; and

  5.1.6    Mental anguish in the past and in the future.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jorge Andres Lopez Garza, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _/s/ Javier Villarreal_

Javier Villarreal
State Bar No. 24028097
Fed Id No. 30384
**Attorney-in-Charge**

Daniel Torres
State Bar No. 24046985
Fed Id No. 573645

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**
2401 Wild Flower Drive, Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877

**Trial by Jury Requested**